JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
jakro@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: 213-443-4355
Facsimile: 213-443-4310

CHRISTOPHER C. CAMPBELL (*pro hac vice* to be filed*)*
chris.campbell@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-4707
Telephone: 202-626-5578
Facsimile: 202-626-3737

BRITTON F. DAVIS (*pro hac vice* to be filed)
bfdavis@kslaw.com
ANGELA C. TARASI (*pro hac vice* to be filed)
atarasi@kslaw.com
MIKAELA STONE (*pro hac vice* to be filed)
mikaela.stone@kslaw.com
KING & SPALDING LLP
1515 Wynkoop St., Suite 800
Denver, CO 80202
Telephone: 720-535-2300
Facsimile: 720-535-2400

Attorneys for Plaintiff OPEN TEXT
CORPORATION and OPEN TEXT S.A. ULC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| OPEN TEXT CORPORATION,<br>OPEN TEXT S.A. ULC<br><br>Plaintiffs,<br><br>v.<br><br>HYLAND SOFTWARE, INC.<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Open Text Corporation ("OpenText Corporation") and Open Text S.A. ULC ("OpenText S.A.") (collectively "Plaintiffs" or "OpenText") allege against Defendant Hyland Software, Inc. ("Hyland" or "Defendant") as follows:

1. Founded in 1991, OpenText Corporation evolved out of a project at the University of Waterloo that created innovative text indexing and string-search technology. For over 25 years, OpenText Corporation has provided information management solutions that allow companies to organize and manage content, operate more efficiently, increase engagement with customers, collaborate with business partners, and address regulatory and business requirements. OpenText S.A. is a wholly-owned subsidiary of OpenText Corporation.

2. OpenText Corporation provides such solutions by distributing software products and providing customer support and professional services through a number of subsidiaries, including Open Text, Inc., which sells OpenText software and services in the United States.

3. The OpenText family of companies (collectively "OpenText") has approximately 15,000 employees, more than 74,000 customers, and over $3.11 billion in annual revenues. OpenText invested approximately $1 billion on research and development over the three years ending June 30, 2020.

4. OpenText is a leading provider of Enterprise Content Management ("ECM") products, which refer to a variety of solutions for managing business content. One such solution provides a repository for electronic documents (such as those created via Microsoft Office, Computer-Aided Design, or Portable Document Format) and allows for functions such as organization, display, classification, access and version control, event auditing, rendition, and search. ECM also includes software tools and services for collaboration, records and email management, and archiving.

5. OpenText's ECM provides the foundation for its offerings in a broader market category known as Enterprise Information Management ("EIM"). EIM encompasses capabilities such as Business Process Management ("BPM"), Customer

Experience Management ("CEM"), Information Exchange ("IE"), and Discovery. OpenText offers a range of software products and services in each of these areas, including Documentum. OpenText's technologies have become critical to organizations looking for efficient content management options.

6.     Gartner's Magic Quadrant report for 2019, published October 30, 2019, named OpenText a "Leader" in Content Services Platforms. And Gartner's 2019 Market Share Analysis, published July 24, 2020, ranked OpenText one of the "Top Five Content Services Providers, Worldwide" in 2019; in particular, OpenText was ranked first for "Content Services Platforms."

7.     OpenText currently maintains three offices in the State of California, one of which is located in this judicial district, including the Pasadena office at 1055 E. Colorado Blvd., Pasadena, California 91106-2375. Over 187 employees work in OpenText's Pasadena office, including employees in engineering, marketing, strategic development, and public relations.

8.     OpenText tracks its business through four revenue streams: license, customer support, cloud services, and professional services. OpenText receives license revenue from its software products; customer support revenue from renewable support and maintenance that OpenText provides to customers who have purchased its products; cloud services revenue from certain "managed hosting" services arrangements; and professional services revenue from consulting fees that OpenText collects for providing implementation, training, and integration services related to OpenText's product offerings.

9.     Hyland provides an EIM platform called OnBase, in the form of online, on-premises, and hybrid content management services which can be accessed by computers or mobile devices.

10.     Hyland's OnBase platform includes, without limitation, capabilities for ECM, case management, BPM, records management, records capture (*e.g.*, Brainware), enterprise search, and Enterprise file sync and share (EFSS).

COMPLAINT FOR PATENT INFRINGEMENT

11.    Hyland also provides a software product called ShareBase, which is "an enterprise file-sharing product that provides secure, cloud-based sharing." ("Product Overview – ShareBase" available at https://sharebase.onbase.com/en/overview.) ShareBase includes a software component called ShareBase Desktop that is installed on client computers.

12.    Hyland competes directly with OpenText in the ECM and EIM markets by its manufacture, use, sale, and offer for sale of Hyland's OnBase and ShareBase platforms and integrated applications, which infringe OpenText's intellectual property rights.

13.    OpenText brings this lawsuit to protect its intellectual property investments and to hold Hyland accountable for its infringement. As a result of Hyland's unlawful competition in this judicial district and elsewhere in the United States, OpenText has lost sales and profits and suffered irreparable harm, including lost market share and goodwill.

## NATURE OF THE CASE

14.    Plaintiffs bring claims under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, for the infringement of United States Patent No. 7,062,515; No. 8,117,152; No. 7,590,665; and No. 8,645,318 (collectively, the "Patents-in-Suit").

## THE PARTIES

15.    Plaintiff OpenText Corporation, is a Canadian corporation with its principal place of business at 275 Frank Tompa Drive, Waterloo, Ontario, Canada.

16.    Plaintiff OpenText S.A. is a Nova Scotia, Canada corporation with its registered address at 1959 Upper Water Street, Suite 900, Halifax, Nova Scotia, B3J 2X2 Canada. OpenText SA is a member of the OpenText family of companies and is a wholly-owned subsidiary of OpenText Corporation.

17.    Defendant Hyland Software, Inc. is a corporation with its global headquarters at 28500 Clemens Road, Westlake, Ohio 44145, with multiple other

offices within the U.S. and elsewhere, including an office in this District in Irvine California, at 2355 Main Street, Suite 100, Irvine, CA 92614.

## JURISDICTION & VENUE

18.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

19.     This Court has personal jurisdiction over Hyland because it regularly conducts business in the State of California and in this district, including operating systems and/or providing services in California and in this district that infringe one or more claims of the Patents-in-Suit in this forum. Hyland has, either directly or through intermediaries, purposefully and voluntarily placed its infringing product and/or services into the stream of commerce with the intention and expectation that they will be purchased and used by customers in this District, as detailed below.

20.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b) because, upon information and belief, Hyland regularly conducts business within this District, has a regular and established place of business in this District, and has committed acts of infringement within this District. In addition, on information and belief, as a foreign corporation with sufficient contacts with this District, venue is proper against Hyland in this District.

21.     Hyland Software, Inc. is a registered business in California. (Exhibit 1.)

22.     On information and belief, Hyland has a regular and established place of business at 2355 Main Street, Suite 100, Irvine, California 92614. (Exhibit 2.)

23.     On information and belief, Hyland has employees in this district, including at least 60 employees at Hyland's Irvine, California location.

24.     Hyland sells and/or offers for sale its infringing EIM through its websites—https://www.hyland.com/en/platform/product-suite                and https://www.onbase.com/en—which may be accessed by customers within this district.

25.     On information and belief, Hyland sells and/or offers for sale infringing EIM to customers located in this district, including, for example, California State Polytechnic University, Pomona located at 3801 West Temple Ave., Pomona, California 91768 (Exhibit 3; Exhibit 4.)

26.     As further detailed below, Hyland's use, provision of, offer for sale, sales, and advertising of its EIM platform within this judicial district infringe the Patents-in-Suit. Hyland's customers infringe the Patents-in-Suit by using Hyland's EIM platform within this judicial district, including Hyland's ShareBase and ShareBase Desktop.

27.     Because Hyland actively targets customers served by OpenText and the OpenText office in Pasadena, California, Hyland's infringement adversely impacts the over 187 OpenText employees who live and work in and around this judicial district.

## THE PATENTS-IN-SUIT

28.     U.S. Patent No. 7,062,515 ("the '515 patent"), entitled "System and Method for Synchronization of a File in a Cache," was duly and legally issued on June 13, 2006. A true and correct copy of the '515 patent is attached as Exhibit A.

29.     The '515 patent is valid and enforceable.

30.     U.S. Patent No. 8,117,152 ("the '152 patent"), entitled "System and Method for the Synchronization of a File in a Cache," was duly and legally issued on February 14, 2012. A true and correct copy of the '152 patent is attached as Exhibit B.

31.     The '152 patent is valid and enforceable.

32.     U.S. Patent No. 7,590,665 ("the '665 patent"), entitled "System and Method for the Synchronization of a File in a Cache," was duly and legally issued on September 15, 2009. A true and correct copy of the '665 patent is attached as Exhibit C.

33.     The '665 patent is valid and enforceable.

34.     U.S. Patent No. 8,645,318 ("the '318 patent"), entitled "System and Method for the Synchronization of a File in a Cache," was duly and legally issued on February 4, 2014. A true and correct copy of the '318 patent is attached as Exhibit D.

35.    The '318 patent is valid and enforceable.

36.    The specifications disclose and specifically claim inventive and patentable subject matter that represents significant improvements over conventional client/server computer networks that were available at the time of filing of Patents-in-Suit and are more than just generic apparatus or software components performing conventional activities.

37.    The inventors of the Patents-in-Suit, David Thomas and Scott Wells, invented the technology described and claimed in the Patents-in-Suit while working at Austin-based Vignette Corporation, a company founded in 1995 that offered a suite of content management, collaboration, and document management software.

38.    At the time of filing of the Patents-in-Suit, it had become increasingly popular for organizations to use centralized databases to store files. ('665 patent, 1:23-50.) Such a database allows employees to access the database from remote computers via a network, in order to access and work on stored files. (*Id.*) "Because database assets are usually transported over a relatively slow network connection, a cache at the user's computer can be used to increase the speed with which files can be accessed and modified." (*Id.* at 1:58-61.)

> A cache typically stores a local copy of a database asset on the user's computer. Thus a user can access and modify a local copy of a file, which is generally much faster than accessing a file directly over a network. When a user makes a change to the local or "cached" file copy, the change can . . . be synchronized with the database from which the file was originally retrieved.

('665 patent, 1:61-67.)

39.    Performing such a synchronization can be quite complex because (1) database assets include a variety of different file types, such as Microsoft Word files, Microsoft Excel files, graphics files, *etc.*; and (2) different users may have different preferences for file editing tools, such as two users each editing a word processing document with two different text editors. ('665 patent, 2:1-20.)

40.     While several synchronization methods existed at the time of filing of the '665 patent, these prior art methods were plagued with disadvantages and inefficiency. ('665 patent, 2:21-3:24.) Mr. Thomas and Mr. Wells recognized these problems with the prior art. First, organizations could force users to employ a custom-designed tool for editing database assets, reducing the complexity of reconciling different tools. But this solution does not allow a user to seamlessly implement his or her tool of choice, requires that the user learn a new tool, and results in extra expense to the organization. ('665 patent, 2:22-33.) Second, a second "synchronization program" could be installed on the client machine. But a user is limited to only those tools for which the organization has a corresponding synchronization program and users are required to take the extra step of saving the updated file not only to his client machine but also saving the file in the synchronization program to have the file saved to the database. ('665 patent, 2:34-3:3.) Third, an operating system-level implementation allows users to view database assets as if they were locally situated on the client machine. But this solution requires additional programming at the operating system "driver" level, at which any small coding error will cause the user's client machine to crash and loss of data. ('665 patent, 3:4-25.)

41.     The systems/methods for synchronizing database assets claimed in the Patents-in-Suit solves this content management problem by reciting specific and significant improvements over the conventional client/server network, such as, for example, the monitoring and synchronization of a file cache. ('665 patent, 3:28-55.)

42.     For example, a "cache manager" stores a database asset as a cached file to allow the user access and notifies the operating system to open the cached file, such that the operating system is able to open the file using the appropriate application for its file type. ('665 patent, cl. 1.) Upon notification by the file management system that the cached file has been modified, the cache manager communicates the cached file to the database, such that the local and server files are synchronized. ('665 patent, cl. 1, 3:36-45.)  The claims of the '665 patent are directed to these specific improvements in the

capabilities of client/server networks and not to an abstract process that merely invokes these devices as tools.

43.     Given the state of the art at the time of filing of the Patents-in-Suit, the claim limitations, both individually and as an ordered combination, were not conventional, well understood, or routine. The Patents-in-Suit disclose, among other things, an unconventional technological solution to an issue arising specifically in the context of client/server networks. The solutions implemented by the claimed inventions provide a specific and substantial improvement over prior synchronization methods, including by introducing novel elements combined in an unconventional manner directed to improving the function and working of client/server networks such as the claimed "storing the database asset in a cache as a cached file, wherein the cache manager stores the database asset as the cached file; notifying an operating system to open the cached file using a local application associated with a file type . . . and if the cached file has been modified, communicating the cached file to the database" ('665 patent, cl. 1) and the claimed "determine if the cached file at the client computer has been modified by a user using the locally running application based on a notification from a file management system of an operating system; and if the cached file has been modified, save the cached file from the cache directly to the database" ('515 patent, cl. 1).

44.     The inventors therefore developed a method that improved performance with regard to accessing and modifying database assets. (*E.g.*, '515 patent, 11:21-67.) As discussed above, these claimed elements and their combination were not present in the prior art, and represent unconventional and concrete improvements over the prior art.

45.     Consistent with the problems identified by the Patents-in-Suit, which are rooted in client/server networks and their use of complex and centralized databases, the solutions claimed in the Patents-in-Suit are also rooted in the same technology and cannot be performed with pen and paper or in the human mind. This technical context

8

is reflected in the claims of the Patents-in-Suit, as described above. A person having ordinary skill in the art at the time of the invention of the Patents-in-Suit would not have understood that the inventions could or would be performed solely in the human mind or using pen and paper and doing so would ignore the stated purpose of the Patents-in-Suit and the problem the patented technology was specifically designed to address. Doing so would also run counter to the inventors' detailed description of the inventions, and the language of the claims, and be a practical impossibility.

46.    OpenText S.A. is the holder of all right, title, and interest in the '515, '152, '665, and '318 patents, including all rights to collect damages throughout the period of Hyland's infringing acts, all rights to prevent others from making, having made, using, offering for sale, or selling products or services covered by such patents, and all rights to enforce the Patents-in-Suit. OpenText S.A. is a wholly-owned subsidiary of OpenText Corporation.

## ACCUSED PRODUCTS

47.    Hyland's ShareBase platform ("the Accused Product") provides an enterprise file-sharing product for cloud-based sharing and content collaboration. This includes, without limitation, use of Hyland's ShareBase platform and integrated applications, wherein ShareBase—in conjunction with ShareBase Desktop—may operate at least in hybrid, cloud, on-premise, and/or in a variety of device environments. On information and belief, each of these implementations, whether accessed via computer or mobile device, operate similarly for purposes of determining infringement.

### FIRST CAUSE OF ACTION

### (INFRINGEMENT OF THE '515 PATENT)

48.    OpenText realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint.

49.    Hyland's products and/or services that infringe the '515 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, include

but are not limited to, the Accused Product and use thereof. Hyland's infringement of the '515 patent will continue unless enjoined by this Court.

50.    Hyland makes, uses, sells, offers for sale, and/or imports the Accused Product and components thereof in the United States.

51.    Hyland, alone and/or together with its customers, directly infringe—literally and/or under the doctrine of equivalents—at least claim 1 of the '515 patent by making, using, selling, offering for sale, and/or importing into the United States its Accused Product and components thereof.

52.    For example, claim 1 of the '515 patent recites:

1. A system for synchronizing a cached file with a database:

a computer processor;

a network connection device operable to establish a connection with a database;

a computer readable memory containing a local cache; and

a software program, executable to run in user space on a client computer, stored on a computer medium and executable by the computer processor to:

send a request to the database for a file;

receive the file at the client computer directly from a database;

store the file as a cached file in the local cache;

notify the operating system to open the cached file using a locally running application associated with the file type for the cached file;

determine if the cached file at the client computer has been modified by a user using the locally running application based on a notification from a file management system of an operating system; and

if the cached file has been modified, save the cached file from the cache directly to the database.

53.    The Accused Product practices each limitation of claim 1 of the '515 patent.

54.     As recited in the preamble (to the extent limiting), the Accused Product is a "system for synchronizing a cached file with a database." For example, the ShareBase platform "is an enterprise file-sharing product that provides secure, cloud-based sharing while ensuring your organization retains ownership and control." ("Product Overview – ShareBase" available at https://sharebase.onbase.com/en/overview.)

55.     ShareBase Desktop syncs "your personal ShareBase folders and files to your computer." (*See* "How to Enable Folder and File Syncing in the ShareBase Desktop" video at 00:00:04-00:00:10, available at https://www.youtube.com/watch?v=rE8wRbQsC6k.) A user of Hyland's ShareBase Desktop "may add, view, edit, move, and delete folders and files in [the user's] ShareBase sync folder" and "[a]ll changes will be automatically uploaded and saved in ShareBase as a new revision." (*See* "How to Edit Files and Folders in Your ShareBase Desktop Sync Folder, available at https://www.youtube.com/watch?v=SFepKCIrO78.)

56.     Accordingly, a client computer with Hyland's ShareBase Desktop installed provides a system for synchronizing a cached file with a database.

57.     The Accused Product includes "a computer processor" as required by claim 1 of the '515 patent. For example, Hyland's ShareBase Desktop can operate on a user's computer running the Windows operating system. The screenshots from Hyland's video below show (1) a user initiating the download of the "ShareBaseInstall.exe" to the user's computer; and (2) settings in the ShareBase Desktop offering placement of a shortcut in the "Navigation Pane of Windows Explorer" and an option to "[a]utomatically start ShareBase Desktop when starting Windows:"

1
2
3
4
5
6
7
8
9
10
11
12



13 (*See* "Welcome to ShareBase" at 00:02:50, available at
14 https://www.youtube.com/watch?v=GAlonv37psc.)
15
16
17
18
19
20
21
22
23
24
25



26
27 (*See id.* at 00:03:13.)
28

58.     The Windows operating system requires a processor. (*See, e.g.*, "Windows 7 system requirements" available at https://support.microsoft.com/en-us/windows/windows-7-system-requirements ("If you want to run Windows 7 on you PC, here's what it takes: 1 gigahertz (GHz) or faster 32-bit (x86) or 64 bit (x64) processor"); *see also* "Windows 10 system requirements" available at https://support.microsoft.com/en-us/help/4028142/windows-10-system-requirements ("Here's what it takes to upgrade to Windows 10 on your PC or tablet: . . . Processor: 1 gigahertz (GHz) or faster processor or SoC").) Accordingly, in order for ShareBase Desktop to run on a user's computer running the Windows operating system, the user's computer on which ShareBase Desktop is installed must have a processor.

59.     The Accused Product includes "*a network connection device operable to establish a connection with a database*" as required by claim 1 of the '515 patent. For example, the computer running the Windows operating system with Hyland's ShareBase Desktop installed contains a network connection to connect the user's computer to a network so that ShareBase Desktop can synchronize with a ShareBase server over a network.

60.     As an "enterprise file-sharing product that provides secure, cloud-based sharing," Hyland's ShareBase requires client computers to have a network connection device to connect to a network to enable ShareBase's "cloud-based sharing" functionality. (*See* "Product Overview – ShareBase" available at https://sharebase.onbase.com/en/overview.)

61.     The Accused Product includes "*a computer readable memory containing a local cache*" as required by claim 1 of the '515 patent. For example, the Windows operating system running on the user's computer on which ShareBase Desktop is installed requires a hard drive for storing documents. (*See, e.g.*, "Windows 7 system requirements" available at https://support.microsoft.com/en-us/windows/windows-7-system-requirements ("If you want to run Windows 7 on you PC, here's what it takes: . . . 16 GB available hard disk space (32-bit) or 20 GB (64-bit)"); *see also* "Windows

1 | 10 system requirements" available at https://support.microsoft.com/en-
2 | us/help/4028142/windows-10-system-requirements ("Here's what it takes to upgrade to
3 | Windows 10 on your PC or tablet: . . . Hard disk space: 16 GB for 32-bit OS or 20 GB
4 | for 64-bit OS").)

5 |     62.    Hyland's ShareBase Desktop allows a user to "change the folder location
6 | of [the user's] sync documents" and the user's "ShareBase folders and files will now be
7 | synced to the folder location [the user] selected." (*See* "How to Enable Folder and File
8 | Syncing in the ShareBase Desktop" video at 00:00:25-00:00:33, available at
9 | https://www.youtube.com/watch?v=rE8wRbQsC6k.) ShareBase Desktop uses a local
10 | folder to store the user's sync documents as shown in the annotated screenshot below:

11 |



24 | (*See* "Welcome to ShareBase" at 00:03:00 available at
25 | https://www.youtube.com/watch?v=GAlonv37psc.)

26 |     63.    The client computer on which Hyland's ShareBase Desktop is installed
27 | and on which ShareBase Desktop uses a local folder to store a user's sync documents—
28 | *i.e.*, a local cache of stored documents on a hard drive—allows selected documents to

1   be edited via ShareBase Desktop. (*See, e.g.*, "Welcome to ShareBase" at 00:03:20,

2   available   at   https://www.youtube.com/watch?v=GAlonv37psc   ("Once   ShareBase

3   Desktop is installed . . . the edit button will be available when viewing a document so

4   that you can edit the document on your computer").)

5        64.     When editing a document, a user first selects to edit a document (*e.g.*,

6   "Presentation.pptx") via ShareBase using the interface. (*See* "How to Edit Documents

7   Using   the   ShareBase   Desktop"   at   00:00:07-00:00:16,   available   at

8   https://www.youtube.com/ watch?v=gtluDVx6pY4.)   The document is opened from a

9   location   in   the   local   file   system,   such   as,   *e.g.*,

10   c://Users/srossmiller/AppData/Local/ShareBase/System/ editing/000000000003832 as

11   shown in the below annotated screenshot of Hyland's video:



(*See id.* at 00:00:31; *see also* "How to Enable Folder and File Syncing in the ShareBase

Desktop"   at   00:00:25-00:00:33,   available   at   https://www.youtube.com/

watch?v=rE8wRbQsC6k   ("Verify   or   change   the   folder   location   for   your   sync

documents. Your ShareBase folders and files will now be synced to the folder location you selected.").)

65.    A user cannot edit a document via ShareBase without first installing ShareBase Desktop on the client computer. (*See* "How to Edit Documents Using the ShareBase         Desktop"         at         00:00:16-00:00:20,         available         at https://www.youtube.com/watch?v=gtluDVx6pY4 ("If you have not yet installed the ShareBase Desktop, you will be prompted to do so now.").)

66.    The Accused Product includes "*a software program, executable to run in user space on a client computer, stored on a computer medium and executable by the computer processor to send a request to the database for a file*," as required by claim 1 of the '515 patent. For example, Hyland's ShareBase Desktop can operate on a user's computer running the Windows operating system. The screenshots from Hyland's video below show (1) a user initiating the download of the "ShareBaseInstall.exe" to the user's computer:



COMPLAINT FOR PATENT INFRINGEMENT

(*See* "Welcome to ShareBase" at 00:02:50, available at https://www.youtube.com/watch?v=GAlonv37psc.)

67.    Hyland's ShareBase Desktop may be launched by "[c]licking the ShareBase icon in the system tray" of the client computer on which the Accused Product is installed:



(*See* "How to Enable Folder and File Syncing in the ShareBase Desktop" at 00:00:14, available at https://www.youtube.com/watch?v=rE8wRbQsC6k.) Accordingly, Hyland's ShareBase Desktop is "a software program, executable to run in user space on a client computer, stored on a computer medium and executable by the computer processor," as required by claim 1 of the '515 patent.

68.    Through the operation of Hyland's ShareBase Desktop installed on a client computer with the sync functionality enabled, the user's "ShareBase folders and files will now be synced to the folder location [the user] selected." (*See id.* at 00:00:25-00:00:33.)

69.     Once ShareBase Desktop is installed, a user is given the option in the ShareBase interface to edit the document. (*See* "Welcome to ShareBase" at 00:03:20, available at https://www.youtube.com/watch?v=GAlonv37psc ("Once ShareBase Desktop is installed . . . the edit button will be available when viewing a document so that you can edit the document on your computer").) When requesting to edit a document via the ShareBase interface, a user can select "Edit" from the "Action" menu and "will be prompted to" install ShareBase Desktop on the client computer if not already installed. (*See* "How to Edit Documents Using the ShareBase Desktop" at 00:00:16, available at https://www.youtube.com/watch?v=gtluDVx6pY4.) Upon selecting the option to edit a document via the ShareBase interface, the document is opened on the client computer from a local cache. For example, as outlined above, a document (*e.g.*, "Presentation.pptx") is opened from a location in the local client computer file system. (*See id.* at 00:00:31 (illustrating "Presentation.pptx" is opened at c://Users/srossmiller/AppData/Local/ShareBase/System/editing/000000000003832).) Accordingly, ShareBase Desktop is "*a software program, executable to run in user space on a client computer, stored on a computer medium and executable by the computer processor to send a request to the database for a file,*" as required by claim 1 of the '515 patent

70.     The Accused Product includes "*a software program . . . to . . . receive the file at the client computer directly from a database*" as required by claim 1 of the '515 patent. On information and belief, Hyland's ShareBase Desktop receives files from ShareBase. For example, through the operation of Hyland's ShareBase Desktop installed on a client computer with the sync functionality enabled, the user's "ShareBase folders and files will now be synced to the folder location [the user] selected." (*See* "How to Enable Folder and File Syncing in the ShareBase Desktop" at 00:00:25-00:00:33, available at https://www.youtube.com/watch?v=rE8wRbQsC6k.)

71.     Upon selecting the option to edit a document via the ShareBase interface, the document is opened on the client computer via the client computer's local cache.

For example, as outlined above, a document (*e.g.*, "Presentation.pptx") is opened from a location in the local client computer file system. (*See id.* at 00:00:31 (illustrating "Presentation.pptx" is opened at c://Users/srossmiller/AppData/Local/ShareBase/ System/editing/000000000003832).) Accordingly, on information and belief, a document—such as the exemplary "Presentation.pptx"—is received by ShareBase Desktop from ShareBase so that it can be opened from the local file system on the client computer. Thus, ShareBase provides a software program executable to "*receive the file at the client computer directly from a database*" and "*store the file as a cached file in the local cache.*"



(*See* "How to Edit Documents Using the ShareBase Desktop" at 00:00:31, available at https://www.youtube.com/watch?v=gtluDVx6pY4.)

72.    Hyland's ShareBase Desktop includes "*a software program . . . to . . . notify the operating system to open the cached file using a locally running application associated with the file type for the cached file*" as required by claim 1 of the '515 patent. In order to open a requested document in the local file system, the client

computer with ShareBase Desktop installed must have a "locally running application associated with the file type for the cached file" as required by claim 1 of the '515 patent. (*See, e.g.*, "How to Edit Documents Using the ShareBase Desktop" at 00:00:21, available at https://www.youtube.com/watch?v=gtluDVx6pY4 ("Your document will open in its native editing application. For example, this document has opened in PowerPoint").)



(*See id.* at 00:00:19 (showing the "native editing application" PowerPoint opening on the client computer after a user chooses to edit, *e.g.*, "Presentation.pptx.").)

73.  On information and belief, it is the ShareBase software that provides the capability to allow documents in ShareBase to be opened for editing on the client computer. (*See, e.g.*, "Welcome to ShareBase" at 00:03:20, available at https://www.youtube.com/watch?v=GAIonv37psc ("Once ShareBase Desktop is installed . . . the edit button will be available when viewing a document so that you can edit the document on your computer").) That is, the Windows operating system on the client computer on which Hyland's ShareBase Desktop is installed must be instructed to start a new process to "Open" the cached file in the local native editing application.

74.     Hyland's ShareBase Desktop includes "*a software program . . . to . . . determine if the cached file at the client computer has been modified by a user using the locally running application based on a notification from a file management system of an operating system*" as required by claim 1 of the '515 patent. For example, "ShareBase Desktop allows [a user] to sync [the user's] 'My Files' to [the user's] computer [and] edit ShareBase documents in a program installed on [the user's] computer." (*See* "Welcome to ShareBase" at 00:02:37-00:02:46, available at https://www.youtube.com/watch?v=GAlonv37psc; *see also, e.g.,* "How to Edit Documents Using the ShareBase Desktop" at 00:00:21-00:00:27, available at https://www.youtube.com/watch?v=gtluDVx6pY4 ("Your document will open in its native editing application. For example, this document has opened in PowerPoint").)



(*See id.* at 00:00:19 (showing the "native editing application" PowerPoint opening on the client computer after a user chooses to edit, *e.g.,* "Presentation.pptx.").) When a user edits the document—*e.g.*, the exemplary "Presentation.pptx" document—the user can "then save [the user's] changes in the native application and close," and the "document on ShareBase" is "updated to the edited version." (*See* "How to Edit Documents Using

1   the    ShareBase    Desktop"   at    00:00:28-00:00:37,   available   at

2   https://www.youtube.com/watch?v=gtluDVx6pY4.)

3        75.    "ShareBase Desktop will monitor [the user's] file system and make sure it

4   stays in sync with what exists on the server" as stated in the annotated video screenshot

5   below:

6



7

8

9

10

11

12

13

14

15

16

17

18

19   (See    "Welcome    to    ShareBase"    at    00:03:00,    available    at

20   https://www.youtube.com/watch?v=GAlonv37psc.)

21        76.    ShareBase Desktop syncs "your personal ShareBase folders and files to

22   your computer." (See "How to Enable Folder and File Syncing in the ShareBase

23   Desktop" video at 00:00:04-00:00:10, available at https://www.youtube.com/

24   watch?v=rE8wRbQsC6k.) A user of Hyland's ShareBase Desktop "may add, view, edit,

25   move, and delete folders and files in [the user's] ShareBase sync folder" and "[a]ll

26   changes will be automatically uploaded and saved in ShareBase as a new revision."

27   (See "How to Edit Files and Folders in Your ShareBase Desktop Sync Folder, available

28   at   https://www.youtube.com/watch?v=SFepKCIrO78.)    Thus,   on   information   and

belief, ShareBase determines if the cached file at the client computer has been modified by a user using the locally running application based on a notification from a file management system of an operating system.

77.     Hyland's ShareBase Desktop includes "*a software program . . . to . . . if the cached file has been modified, save the cached file from the cache directly to the database*" as required by claim 1 of the '515 patent. A user of Hyland's ShareBase Desktop "may add, view, edit, move, and delete folders and files in [the user's] ShareBase sync folder" and "[a]ll changes will be automatically uploaded and saved in ShareBase as a new revision." (*See* "How to Edit Files and Folders in Your ShareBase Desktop Sync Folder, available at https://www.youtube.com/watch?v=SFepKCIrO78.) When a user edits a document—*e.g.*, the exemplary "Presentation.pptx." document—the user can "then save [the user's] changes in the native application and close," and the "document on ShareBase" is "updated to the edited version. (*See* "How to Edit Documents Using the ShareBase Desktop" at 00:00:28-00:00:37, available at https://www.youtube.com/watch?v=gtluDVx6pY4.)

78.     Each claim of the '515 patent recites an independent invention. Neither claim 1, described above, nor any other individual claim is representative of all claims in the '515 patent.

79.     Hyland's partners, customers and/or end users of the Accused Product directly infringe at least claim 1 of the '515 patent, at least by using the Accused Product as described in the paragraphs above.

80.     Hyland has had knowledge of the '515 patent since at least the filing and/or service of this Complaint. Hyland's continued infringement is therefore deliberate and willful.

81.     Hyland actively induced and is actively inducing infringement of at least claim 1 of the '515 patent, in violation of 35 U.S.C. § 271(b). Hyland knowingly induces infringement of at least claim 1 of the '515 patent by customers and end users of the Accused Product with specific intent to induce infringement, and/or with willful

blindness to the possibility that its acts induce infringement, through activities relating to selling, marketing, advertising, promotion, support, and/or distribution of the Accused Product in the United States.

82.    Hyland encourages, instructs, directs, and/or requires customers and end users, at least through its marketing, promotional, and instructional materials and/or training, to use the infringing Accused Product as described in detail in the paragraphs above.

83.    In addition to marketing the Accused Product for use in an infringing manner, on information and belief, Hyland also provides customer service to purchasers of the Accused Product that directs and encourages customers of the Accused Product to use the Accused Product in an infringing manner. Hyland provides training to customers of the Accused Product that directs and encourages customers of the Accused Product to use the Accused Product in an infringing manner.

84.    On information and belief, Hyland has sales and technical support staff that assist Hyland's customers and end users and provide instructions for the use of the Accused Product in an infringing manner in the United States.

85.    Hyland contributes to infringement of the '515 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States the Accused Product and components thereof, including for example, the ShareBase Desktop and associated software applications. Such components are substantial, material parts of the claimed inventions of the '515 patent and have no substantial non-infringing use.

86.    The ShareBase Desktop and associated software applications supplied by Hyland are especially made and especially adapted for use in infringing the '515 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

87.    Hyland's infringement of the '515 patent is without license or other authorization.

88.     For past infringement, OpenText has suffered damages, including lost profits, as a result of Defendant's infringement of the '515 patent. Defendant is therefore liable to OpenText under 35 U.S.C. § 284 for past damages in an amount that adequately compensates OpenText for Defendant's infringement, but no less than a reasonable royalty.

89.     Hyland's continued infringement of the '515 patent has damaged and will continue to damage Plaintiffs.

90.     Unless and until enjoined by this Court, Hyland will continue to directly infringe as well as induce and/or contribute to infringement of the '515 patent.

91.     Hyland's infringing acts are causing and will continue to cause Plaintiffs at least irreparable harm, for which there is no adequate remedy at law. Under 35 U.S.C. § 283, Plaintiffs are entitled to a permanent injunction against further infringement. In the alternative, OpenText is entitled to damages in lieu of an injunction, in an amount consistent with the facts, for future infringement. Defendant's continued infringement, at least since they had notice of the '515 patent, is knowing and willful. Defendant will be an adjudicated infringer of a valid patent and, thus, Defendant's future infringement will be willful as a matter of law.

92.     This case is exceptional, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and an award of attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## SECOND CAUSE OF ACTION

### (INFRINGEMENT OF THE '318 PATENT)

93.     OpenText realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint.

94.     Hyland's products and/or services that infringe the '318 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, include but are not limited to, the Accused Product and use thereof. Hyland's infringement of the '318 patent will continue unless enjoined by this Court.

95.   Hyland makes, uses, sells, offers for sale, and/or imports the Accused Product and components thereof in the United States.

96.   Hyland, alone and/or together with its customers, directly infringe—literally and/or under the doctrine of equivalents—at least claim 1 of the '318 patent by making, using, selling, offering for sale, and/or importing into the United States its Accused Product and components thereof.

97.   For example, claim 1 of the '318 patent recites:

1. A system comprising:

a computer processor;

a network interface operable to connect to a network;

a computer readable storage medium storing a software program executable to provide a cache manager on a client computer, the cache manager configured to:

store a file received over the network from a database server as a cached file in a local cache of the client computer;

determine that the cached file has been modified by a local application based on information indicating a change to the cached file received from an operating system of the client computer; and

communicate the modified cached file to the database server.

98.   The Accused Product practices each limitation of claim 1 of the '318 patent.

99.   The Accused Product is "*[a] system comprising*." For example, a client computer with Hyland's ShareBase Desktop for Windows installed is "[a] system."

100.   Hyland's ShareBase Desktop includes "*a computer processor*" as required by claim 1 of the '318 patent. For example, Hyland's ShareBase Desktop can operate on a user's desktop with the Windows operating system. The screenshots from Hyland's video below show (1) a user initiating the download of the "ShareBaseInstall.exe" to the user's computer; and (2) settings in the ShareBase Desktop offering placement of a

shortcut in the "Navigation Pane of Windows Explorer" and an option to "[a]utomatically start ShareBase Desktop when starting Windows":



(*See* "Welcome to ShareBase" at 00:02:50, available at https://www.youtube.com/watch?v=GAlonv37psc.)



(*See id*. at 00:03:13.) The Windows operating system requires a processor. (*See, e.g.*, "Windows 7 system requirements" available at https://support.microsoft.com/en-us/windows/windows-7-system-requirements ("If you want to run Windows 7 on you PC, here's what it takes: 1 gigahertz (GHz) or faster 32-bit (x86) or 64 bit (x64) processor"); *see also* "Windows 10 system requirements" available at https://support.microsoft.com/en-us/help/4028142/windows-10-system-requirements ("Here's what it takes to upgrade to Windows 10 on your PC or tablet: . . . Processor: 1 gigahertz (GHz) or faster processor or SoC").)

101.   The Accused Product includes "*a network interface operable to connect to a network*" as required by claim 1 of the '318 patent. For example, the client computer running the Windows operating system with Hyland's ShareBase Desktop installed contains a network interface capable of making a network connection to connect the client computer to a network so that ShareBase Desktop can synchronize with a ShareBase server over a network. As an "enterprise file-sharing product that provides secure, cloud-based sharing," Hyland's ShareBase requires client computers to have a network interface capable of making a network connection to connect to a network to enable ShareBase's "cloud-based sharing" functionality. (*See* "Product Overview – ShareBase" available at https://sharebase.onbase.com/en/overview.)

102.   Hyland's ShareBase Desktop includes "*a computer readable storage medium storing a software program executable to provide a cache manager on a client computer*" as required by claim 1 of the '318 patent. For example, the Windows operating system requires a hard drive for storing documents, as well as memory. (*See, e.g.*, "Windows 7 system requirements" available at https://support.microsoft.com/en-us/windows/windows-7-system-requirements ("If you want to run Windows 7 on your PC, here's what it takes: . . . 16 GB available hard disk space (32-bit) or 20 GB (64-bit)"); *see also* "Windows 10 system requirements" available at https://support.microsoft.com/en-us/help/4028142/windows-10-system-requirements

1    ("Here's what it takes to upgrade to Windows 10 on your PC or tablet: . . . Hard disk
2    space: 16 GB for 32-bit OS or 20 GB for 64-bit OS").)

3          103.   Hyland's ShareBase Desktop uses a local folder to store a user's sync
4    documents as shown in the annotated screenshot below:



17   (*See*        "Welcome        to        ShareBase"        at        00:03:00        available        at
18   https://www.youtube.com/watch?v=GAIonv37psc.) The client computer on which
19   ShareBase Desktop is installed and on which ShareBase Desktop uses a local folder to
20   store the user's sync documents—*i.e.*, a local cache of stored documents on a hard
21   drive—allows selected documents to be edited via ShareBase Desktop. When editing a
22   document, a user first selects to edit a document (*e.g.*, "Presentation.pptx") via
23   ShareBase using the interface. (*See* "How to Edit Documents Using the ShareBase
24   Desktop"        at        00:00:07-00:00:16,        available        at
25   https://www.youtube.com/watch?v=gtluDVx6pY4.) The document is opened from a
26   location        in        the        local        file        system,        such        as,        *e.g.*,
27
28

1   c://Users/srossmiller/AppData/Local/ShareBase/System/editing/000000000003832   as
2   shown in the below annotated screenshot of Hyland's video:



16  (*See id*. at 00:00:31.)

17      104.   Hyland's ShareBase Desktop includes a "*cache manager configured to:*
18  *store a file received over the network from a database server as a cached file in a local*
19  *cache of the client computer*" as required by claim 1 of the '318 patent. For example,
20  the ShareBase platform "is an enterprise file-sharing product that provides secure,
21  cloud-based sharing while ensuring your organization retains ownership and control."
22  ("Product   Overview   –   ShareBase"   available   at   https://sharebase.onbase.com/
23  en/overview.) ShareBase Desktop "will monitor [a user's] file system and make sure
24  that it stays in sync with what exists on the server." (*See* "Welcome to ShareBase" at
25  00:02:54, available at https://www.youtube.com/watch?v=GAlonv37psc.)

26      105.   Hyland's ShareBase Desktop allows a user to "change the folder location
27  of [the user's] sync documents" and the user's ShareBase folders and files will now be
28  synced to the folder location [the user] selected." (*See* "How to Enable Folder and File

1   Syncing in the ShareBase Desktop" video at 00:00:25-00:00:33, available at

2   https://www.youtube.com/watch?v=rE8wRbQsC6k.) Further, ShareBase uses a local

3   folder to store the user's sync documents as shown in the annotated screenshot below:

4



16   (See "Welcome to ShareBase" at 00:03:00 available at

17   https://www.youtube.com/watch?v=GAlonv37psc.) ShareBase Desktop syncs "your

18   personal ShareBase folders and files to your computer." (See "How to Enable Folder

19   and File Syncing in the ShareBase Desktop" video at 00:00:04-00:00:10, available at

20   https://www.youtube.com/watch?v=rE8wRbQsC6k.)

21        106.   When editing a document, a user first selects to edit a document (e.g.,

22   "Presentation.pptx") via ShareBase using the interface. (See "How to Edit Documents

23   Using the ShareBase Desktop" at 00:00:07-00:00:16, available at

24   https://www.youtube.com/_watch?v=gtluDVx6pY4.) The document is opened from a

25   location in the local file system, such as, e.g.,

26   c://Users/srossmiller/AppData/Local/ShareBase/System/ editing/000000000003832 as

27   shown in the below annotated screenshot of Hyland's video:

28

(*See id*. at 00:00:31.) Accordingly, ShareBase provides a cache manager configured to store the synced file received over the network from the cloud as a cached file in a local folder on the client computer.

107.   Hyland's ShareBase Desktop includes a "*cache manager configured to: . . . determine that the cached file has been modified by a local application based on information indicating a change to the cached file received from an operating system of the client computer*" as required by claim 1 of the '318 patent. ShareBase Desktop syncs "your personal ShareBase folders and files to your computer." (*See* "How to Enable Folder and File Syncing in the ShareBase Desktop" video at 00:00:04-00:00:10, available at https://www.youtube.com/watch?v=rE8wRbQsC6k.) "ShareBase Desktop allows [a user] to sync [the user's] 'My Files' to [the user's] computer [and] edit ShareBase documents in a program installed on [the user's] computer." (*See* "Welcome to ShareBase" at 00:02:37-00:02:46, available at https://www.youtube.com/watch?v=GAlonv37psc; *see also, e.g.*, "How to Edit Documents Using the ShareBase Desktop" at 00:00:21, available at https://www.youtube.com/watch?v=gtluDVx6pY4

("Your document will open in its native editing application. For example, this document has opened in PowerPoint").)



(*See id.* at 00:00:19 (showing the "native editing application" PowerPoint opening on the client computer after a user chooses to edit, *e.g.*, "Presentation.pptx.").)

108.   A user of Hyland's ShareBase Desktop "may add, view, edit, move, and delete folders and files in [the user's] ShareBase sync folder" and "[a]ll changes will be automatically uploaded and saved in ShareBase as a new revision." (*See* "How to Edit Files and Folders in Your ShareBase Desktop Sync Folder, available at https://www.youtube.com/watch?v=SFepKCIrO78.)   For example, "ShareBase Desktop will monitor [the user's] file system and make sure it stays in sync with what exists on the server" as stated in the annotated video screenshot below:



109. (*See* "Welcome to ShareBase" at 00:03:00, available at https://www.youtube.com/watch?v=GAlonv37psc.) When a user edits the document—*e.g.*, the exemplary "Presentation.pptx" document—the user can "then save [the user's] changes in the native application and close," and the "document on ShareBase" is "updated to the edited version." (*See* "How to Edit Documents Using the ShareBase Desktop" at 00:00:28-00:00:37, available at https://www.youtube.com/watch?v=gtluDVx6pY4.) Accordingly, on information and belief, ShareBase provides a cache manager configured to determine that the cached file has been modified by a local application (e.g., Powerpoint) based on information indicating a change to the cached file received from the client computer's operating system (e.g., Windows). Hyland's ShareBase Desktop includes a "*cache manager configured to:* . . . *communicate the modified cached file to the database server*" as required by claim 1 of the '318 patent. For example, a user of Hyland's ShareBase Desktop "may add, view, edit, move, and delete folders and files in [the user's] ShareBase sync folder" and "[a]ll changes will be automatically uploaded and saved in ShareBase as a new revision."

(*See* "How to Edit Files and Folders in Your ShareBase Desktop Sync Folder, available at https://www.youtube.com/watch?v=SFepKCIrO78.) When a user edits the document—*e.g.*, the exemplary "Presentation.pptx" document—the user can "then save [the user's] changes in the native application and close," and the "document on ShareBase" is "updated to the edited version." (*See* "How to Edit Documents Using the ShareBase Desktop" at 00:00:28-00:00:37, available at https://www.youtube.com/watch?v=gtluDVx6pY4.) Accordingly, ShareBase provides a cache manager configured to communicate the modified cached file to the database server.

110.   Each claim of the '318 patent recites an independent invention. Neither claim 1, described above, nor any other individual claim is representative of all claims in the '318 patent.

111.   Hyland's partners, customers and/or end users of the Accused Product directly infringe at least claim 1 of the '318 patent, at least by using the Accused Product as described in the paragraphs above.

112.   Hyland has had knowledge of the '318 patent since at least the filing and/or service this Complaint. Hyland's continued infringement is therefore deliberate and willful.

113.   Hyland actively induced and is actively inducing infringement of at least claim 1 of the '318 patent, in violation of 35 U.S.C. § 271(b). Hyland knowingly induces infringement of at least claim 1 of the '318 patent by customers and end users of the Accused Product with specific intent to induce infringement, and/or with willful blindness to the possibility that its acts induce infringement, through activities relating to selling, marketing, advertising, promotion, support, and/or distribution of the Accused Product in the United States.

114.   Hyland encourages, instructs, directs, and/or requires customers and end users, at least through its marketing, promotional, and instructional materials and/or

1  training, to use the infringing Accused Product as described in detail in the paragraphs

2  above.

3      115.   In addition to marketing the Accused Product for use in an infringing

4  manner, on information and belief, Hyland also provides customer service to purchasers

5  of the Accused Product that directs and encourages customers of the Accused Product

6  to use the Accused Product in an infringing manner. Hyland provides training to

7  customers of the Accused Product that directs and encourages customers of the Accused

8  Product to use the Accused Product in an infringing manner.

9      116.   On information and belief, Hyland has sales and technical support staff

10  that assist Hyland's customers and end users and provide instructions for the use of the

11  Accused Product in an infringing manner in the United States.

12      117.   Hyland contributes to infringement of the '318 patent in violation of 35

13  U.S.C. § 271(c) by offering to sell, selling, and importing into the United States the

14  Accused Product and components thereof, including for example, the ShareBase

15  Desktop and associated software applications. Such components are substantial,

16  material parts of the claimed inventions of the '318 patent and have no substantial

17  non-infringing use.

18      118.   The ShareBase Desktop and associated software applications supplied by

19  Hyland are especially made and especially adapted for use in infringing the '318 patent

20  and are not staple articles or commodities of commerce suitable for substantial non-

21  infringing use.

22      119.   Hyland's infringement of the '318 patent is without license or other

23  authorization.

24      120.   For past infringement, OpenText has suffered damages, including lost

25  profits, as a result of Defendant's infringement of the '318 patent. Defendant is therefore

26  liable to OpenText under 35 U.S.C. § 284 for past damages in an amount that adequately

27  compensates OpenText for Defendant's infringement, but no less than a reasonable

28  royalty.

COMPLAINT FOR PATENT INFRINGEMENT

121.   Hyland's continued infringement of the '318 patent has damaged and will continue to damage Plaintiffs.

122.   Unless and until enjoined by this Court, Hyland will continue to directly infringe as well as induce and/or contribute to infringement of the '318 patent.

123.   Hyland's infringing acts are causing and will continue to cause Plaintiffs at least irreparable harm, for which there is no adequate remedy at law. Under 35 U.S.C. § 283, Plaintiffs are entitled to a permanent injunction against further infringement. In the alternative, OpenText is entitled to damages in lieu of an injunction, in an amount consistent with the facts, for future infringement. Defendant's continued infringement, at least since they had notice of the '318 patent, is knowing and willful. Defendant will be an adjudicated infringer of a valid patent and, thus, Defendant's future infringement will be willful as a matter of law.

124.   This case is exceptional, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and an award of attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### THIRD CAUSE OF ACTION

**(INFRINGEMENT OF THE '665 PATENT)**

125.   OpenText realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint.

126.   Hyland's products and/or services that infringe the '665 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, include but are not limited to, the Accused Product and use thereof. Hyland's infringement of the '665 patent will continue unless enjoined by this Court.

127.   Hyland makes, uses, sells, offers for sale, and/or imports the Accused Product and components thereof in the United States.

128.   Hyland, alone and/or together with its customers, directly infringe—literally and/or under the doctrine of equivalents—at least claim 1 of the '665 patent by

making, using, selling, offering for sale, and/or importing into the United States its Accused Product and components thereof.

129.   For example, claim 1 of the '665 patent recites:

1. A method for synchronizing a file in a cache comprising:

providing a system comprising a client computer running an operating system, a cache manager and one or more applications and a database server running a database management application managing a database;

receiving a database asset from the database at the client computer;

storing the database asset in a cache as a cached file, wherein the cache manager stores the database asset as the cached file;

notifying an operating system to open the cached file using a local application associated with a file type for the cached file, wherein the cache manager notifies the operating system to open the cached file;

opening the cached file with the local application associated with the file type for the cached file;

determining if the cached file has been modified based on a notification from a file management system of the operating system, wherein the file management system sends the notification to the cache manager; and

if the cached file has been modified, communicating the cached file to the database.

130.   The Accused Product practices each limitation of claim 1 of the '665 patent.

131.   Hyland's ShareBase Desktop provides *"[a] method for synchronizing a file in a cache comprising*." For example, Hyland provides software to perform a method for synchronizing a cached file with a database through ShareBase Desktop. (*See, e.g.*, "Product Overview – ShareBase" available at https://sharebase.onbase.com/en/overview (the ShareBase platform "is an enterprise file-sharing product that provides secure, cloud-based sharing while ensuring your organization retains ownership and

control."); "How to Enable Folder and File Syncing in the ShareBase Desktop" at 00:00:04-00:00:10, available at https://www.youtube.com/watch?v=rE8wRbQsC6k (ShareBase Desktop syncs "your ShareBase personal folders and files to your computer."); "How to Edit Files and Folders in Your ShareBase Desktop Sync Folder," available at https://www.youtube.com/watch?v=SFepKCIrO78 ("You may add, view, edit, move, and delete folders and files in your ShareBase sync folder. All changes will be automatically uploaded and saved in ShareBase as a new revision").)

132.   Hyland's ShareBase Desktop provides a method for "*providing a system comprising a client computer running an operating system, a cache manager and one or more applications and a database server running a database management application managing a database*" as required by claim 1 of the '665 patent. Hyland's ShareBase Desktop provides a cache manager installed on a client computer for managing the local folder of the user's sync documents or cache storing files:



(*See* "Welcome to ShareBase" at 00:03:00 available at https://www.youtube.com/watch?v=GAlonv37psc.) Hyland's ShareBase Desktop

allows a user to "change the folder location of [the user's] sync documents" and the user's "ShareBase folders and files will now be synced to the folder location [the user] selected." (*See* "How to Enable Folder and File Syncing in the ShareBase Desktop" video at 00:00:25-00:00:33, available at https://www.youtube.com/watch?v=rE8wRbQsC6k.)

133. Computers running Hyland's ShareBase Desktop have an operating system (*e.g.*, Windows operating system) and one or more applications. (*See, e.g.*, "Welcome to ShareBase" at 00:02:54-00:02:57, available at https://www.youtube.com/watch?v=GAlonv37psc.) For example, the client computer on which ShareBase Desktop is installed runs a variety of local applications, such as Word, PowerPoint, Excel, *etc.* as shown in the screenshot below:



(*See* "How to Enable Folder and File Syncing in the ShareBase Desktop" at 00:00:21, available at https://www.youtube.com/watch?v=rE8wRbQsC6k.)

134. Further, ShareBase Desktop syncs with ShareBase on a server that manages a database. (*See, e.g.*, "Product Overview – ShareBase" available at https://sharebase.onbase.com/en/overview (the ShareBase platform "is an enterprise file-sharing product that provides secure, cloud-based sharing while ensuring your organization retains ownership and control.") "ShareBase Desktop will monitor [the user's] file system and make sure it stays in sync with what exists on the server" as stated in the annotated video screenshot below:



(*See* "Welcome to ShareBase" at 00:03:00, available at https://www.youtube.com/watch?v=GAlonv37psc.)

135. Hyland's ShareBase Desktop provides a method for "*receiving a database asset from the database at the client computer*" as required by claim 1 of the '665 patent. For example, through the operation of Hyland's ShareBase Desktop installed on a client computer with the sync functionality enabled, the user's "ShareBase folders and files will now be synced to the folder location [the user] selected." (*See* "How to Enable Folder and File Syncing in the ShareBase Desktop" at 00:00:25-00:00:33, available at https://www.youtube.com/watch?v=rE8wRbQsC6k.)

136.   136.   Once ShareBase Desktop is installed, a user is given the option in the ShareBase interface to edit the document. (*See* "Welcome to ShareBase" at 00:03:20, available at https://www.youtube.com/watch?v=GAlonv37psc ("Once ShareBase Desktop is installed . . . the edit button will be available when viewing a document so that you can edit the document on your computer"); *see also* "How to Edit Documents Using the ShareBase Desktop" at 00:00:16-00:00:20, available at https://www.youtube.com/watch?v=gtluDVx6pY4 (when requesting to edit a document via the ShareBase interface, a user can select "Edit" from the "Action" menu and "[i]f you have not yet installed the ShareBase Desktop, you will be prompted to do so now").) Upon selecting the option to edit a document via the ShareBase interface, the document is opened on the client from a local cache. For example, as outlined above, a document (*e.g.*, "Presentation.pptx") is opened from a location in the local client computer file system. (*See id.* at 00:00:31 (illustrating "Presentation.pptx" is opened at c://Users/srossmiller/AppData/Local/ShareBase/System/editing/000000000003832).) Accordingly, a document—such as the exemplary "Presentation.pptx"—is received by ShareBase Desktop from the ShareBase server database so that it can be opened from the local file system on the client computer.

137.   Hyland's ShareBase Desktop provides a method for "*storing the database asset in a cache as a cached file, wherein the cache manager stores the database asset as the cached file*" as required by claim 1 of the '665 patent. For example, ShareBase Desktop uses a local folder to store the user's sync documents as shown in the annotated screenshot below:

COMPLAINT FOR PATENT INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12



13   (*See* "Welcome to ShareBase" at 00:03:00 available at https://www.youtube.com/

14   watch?v=GAlonv37psc.) Hyland's ShareBase Desktop allows a user to "change the

15   folder location of [the user's] sync documents" and the user's ShareBase folders and

16   files will now be synced to the folder location [the user] selected." (*See* "How to Enable

17   Folder and File Syncing in the ShareBase Desktop" video at 00:00:25-00:00:33,

18   available at https://www.youtube.com/watch?v=rE8wRbQsC6k.)

19       138.   When editing a document, a user first selects to edit a document (*e.g.*,

20   "Presentation.pptx") via ShareBase using the interface, (*see* "How to Edit Documents

21   Using    the    ShareBase    Desktop"    at    00:00:07-00:00:16,    available    at

22   https://www.youtube.com/watch?v=

23   gtluDVx6pY4) and the document is opened from a location in the local file system,

24   such    as,    *e.g.*,    c://Users/srossmiller/AppData/Local/ShareBase/System/editing/

25   000000000003832 as shown in the below annotated screenshot of Hyland's video:

26
27
28

COMPLAINT FOR PATENT INFRINGEMENT

(*See id*. at 00:00:31.)

139. Hyland's ShareBase Desktop provides a method for "*notifying an operating system to open the cached file using a local application associated with a file type for the cached file, wherein the cache manager notifies the operating system to open the cached file*" and "*opening the cached file with the local application associated with the file type for the cached file*" as required by claim 1 of the '665 patent. For example, once ShareBase Desktop is installed on the client computer, the user has the option to edit a document via ShareBase Desktop. (*See* "Welcome to ShareBase" at 00:03:20, available at https://www.youtube.com/watch?v=GAlonv37psc ("Once ShareBase Desktop is installed . . . the edit button will be available when viewing a document so that you can edit the document on your computer").) Hyland's ShareBase Desktop is required to be installed on a client computer before a document can be edited at the client computer. (*See* "How to Edit Documents Using the ShareBase Desktop" at 00:00:16-00:00:20, available at https://www.youtube.com/watch?v=gtluDVx6pY4 (when requesting to edit a document via the ShareBase interface, a user can select "Edit" from the "Action" menu and "[i]f you have not yet installed the ShareBase Desktop,

44

COMPLAINT FOR PATENT INFRINGEMENT

you will be prompted to do so now").) A user can select a document to edit such as the exemplary "Presentation.pptx." The document is opened from a location in the local file system, such as, *e.g.*, c://Users/srossmiller/AppData/Local/ShareBase/System/editing/000000000003832.

140.   "ShareBase Desktop allows [a user] to . . . edit ShareBase documents in a program installed on [the user's] computer."   (*See* "Welcome to ShareBase" at 00:02:37-00:02:46, available at https://www.youtube.com/watch?v=GAlonv37psc; *see also, e.g.*, "How to Edit Documents Using the ShareBase Desktop" at 00:00:21-00:00:27, available at https://www.youtube.com/watch?v=gtluDVx6pY4 ("Your document will open in its native editing application. For example, this document has opened in PowerPoint").)



(*See id.* at 00:00:19 (showing the "native editing application" PowerPoint opening on the client computer after a user chooses to edit, *e.g.*, "Presentation.pptx.").) Accordingly, on information and belief, ShareBase provides a method that includes notifying an operating system (e.g., Windows) to open the cached file using a local application (e.g., PowerPoint) associated with a file type (e.g., .pptx) for the cached file,

wherein the cache manager notifies the operating system to open the cached file and the cached file is opened with the local application associated with the file type.

141.   Hyland's ShareBase Desktop provides a method for "*determining if the cached file has been modified based on a notification from a file management system of the operating system, wherein the file management system sends the notification to the cache manager*" as required by claim 1 of the '665 patent. ShareBase Desktop syncs with ShareBase on a server that manages a database. (*See, e.g.*, "Product Overview – ShareBase" available at https://sharebase.onbase.com/en/overview (the ShareBase platform "is an enterprise file-sharing product that provides secure, cloud-based sharing while ensuring your organization retains ownership and control.") "ShareBase Desktop will monitor [the user's] file system and make sure it stays in sync with what exists on the server" as stated in the annotated video screenshot below:



(*See* "Welcome to ShareBase" at 00:03:00, available at https://www.youtube.com/watch?v=GAlonv37psc.)

142.   A user of Hyland's ShareBase Desktop "may add, view, edit, move, and delete folders and files in [the user's] ShareBase sync folder" and "[a]ll changes will be

46

automatically uploaded and saved in ShareBase as a new revision." (*See* "How to Edit Files and Folders in Your ShareBase Desktop Sync Folder, available at https://www.youtube.com/watch?v=SFepKCIrO78.) When a user edits the document— *e.g.*, the exemplary "Presentation.pptx" document—the user can "then save [the user's] changes in the native application and close," and the "document on ShareBase" is "updated to the edited version." (*See* "How to Edit Documents Using the ShareBase Desktop" at 00:00:28-00:00:37, available at https://www.youtube.com/watch?v=gtluDVx6pY4.) Thus, ShareBase determines if the cached file has been modified and, on information and belief, does so based on a notification from a file management system of the operating system, wherein the file management system sends the notification to the cache manager.

143.   Hyland's ShareBase Desktop provides a method for "*if the cached file has been modified, communicating the cached file to the database*" as required by claim 1 of the '665 patent. A user of Hyland's ShareBase Desktop "may add, view, edit, move, and delete folders and files in [the user's] ShareBase sync folder" and "[a]ll changes will be automatically uploaded and saved in ShareBase as a new revision." (*See* "How to Edit Files and Folders in Your ShareBase Desktop Sync Folder, available at https://www.youtube.com/watch?v=SFepKCIrO78.) When a user edits the document— *e.g.*, the exemplary "Presentation.pptx" document—the user can "then save [the user's] changes in the native application and close," and the "document on ShareBase" is "updated to the edited version." (*See* "How to Edit Documents Using the ShareBase Desktop" at 00:00:28-00:00:37, available at https://www.youtube.com/watch?v=gtluDVx6pY4.) Thus, ShareBase provides a method in which the cached file, when modified, is communicated to the server database.

144.   Each claim of the '665 patent recites an independent invention. Neither claim 1, described above, nor any other individual claim is representative of all claims in the '665 patent.

145.   Hyland's partners, customers and/or end users of the Accused Product directly infringe at least claim 1 of the '665 patent, at least by using the Accused Product as described in the paragraphs above.

146.   Hyland has had knowledge of the '665 patent since at least the filing and/or service of this Complaint. Hyland's continued infringement is therefore deliberate and willful.

147.   Hyland actively induced and is actively inducing infringement of at least claim 1 of the '665 patent, in violation of 35 U.S.C. § 271(b). Hyland knowingly induces infringement of at least claim 1 of the '665 patent by customers and end users of the Accused Product with specific intent to induce infringement, and/or with willful blindness to the possibility that its acts induce infringement, through activities relating to selling, marketing, advertising, promotion, support, and/or distribution of the Accused Product in the United States.

148.   Hyland encourages, instructs, directs, and/or requires customers and end users, at least through its marketing, promotional, and instructional materials and/or training, to use the infringing Accused Product as described in detail in the paragraphs above.

149.   In addition to marketing the Accused Product for use in an infringing manner, on information and belief, Hyland also provides customer service to purchasers of the Accused Product that directs and encourages customers of the Accused Product to use the Accused Product in an infringing manner. Hyland provides training to customers of the Accused Product that directs and encourages customers of the Accused Product to use the Accused Product in an infringing manner.

150.   On information and belief, Hyland has sales and technical support staff that assist Hyland's customers and end users and provide instructions for the use of the Accused Product in an infringing manner in the United States.

151.   Hyland contributes to infringement of the '665 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States the

Accused Product and components thereof, including for example, the ShareBase Desktop and associated software applications. Such components are substantial, material parts of the claimed inventions of the '665 patent and have no substantial non-infringing use.

152.   The ShareBase Desktop and associated software applications supplied by Hyland are especially made and especially adapted for use in infringing the '665 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

153.   Hyland's infringement of the '665 patent is without license or other authorization.

154.   For past infringement, OpenText has suffered damages, including lost profits, as a result of Defendant's infringement of the '665 patent. Defendant is therefore liable to OpenText under 35 U.S.C. § 284 for past damages in an amount that adequately compensates OpenText for Defendant's infringement, but no less than a reasonable royalty.

155.   Hyland's continued infringement of the '665 patent has damaged and will continue to damage Plaintiffs.

156.   Unless and until enjoined by this Court, Hyland will continue to directly infringe as well as induce and/or contribute to infringement of the '665 patent.

157.   Hyland's infringing acts are causing and will continue to cause Plaintiffs at least irreparable harm, for which there is no adequate remedy at law. Under 35 U.S.C. § 283, Plaintiffs are entitled to a permanent injunction against further infringement. In the alternative, OpenText is entitled to damages in lieu of an injunction, in an amount consistent with the facts, for future infringement. Defendant's continued infringement, at least since they had notice of the '665 patent, is knowing and willful. Defendant will be an adjudicated infringer of a valid patent and, thus, Defendant's future infringement will be willful as a matter of law.

158.   This case is exceptional, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and an award of attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**FOURTH CAUSE OF ACTION**

**(INFRINGEMENT OF THE '152 PATENT)**

159.   OpenText realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint.

160.   Hyland's products and/or services that infringe the '152 patent in violation of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States, include but are not limited to, the Accused Product and use thereof. Hyland's infringement of the '152 patent will continue unless enjoined by this Court.

161.   Hyland makes, uses, sells, offers for sale, and/or imports the Accused Product and components thereof in the United States.

162.   Hyland, alone and/or together with its customers, directly infringe— literally and/or under the doctrine of equivalents—at least claim 1 of the '152 patent by making, using, selling, offering for sale, and/or importing into the United States its Accused Product and components thereof.

163.   For example, claim 1 of the '152 patent recites:

1. A method for synchronizing a file in a cache comprising:

a cache manager at a client computer receiving a database asset from a database at a database server, wherein the client computer is executing an operating system, the cache manager, and a local application, wherein the client computer is coupled to the database server over a network;

the cache manager storing the database asset in a cache of the client computer as a cached file;

the cache manager prompting the operating system to open the cached file using a local application associated with a file type for the cached file;

receiving, at the cache manager, a notification from the operating system indicating that the cached file has been modified;

the cache manager determining that the cached file has been modified based on receiving the notification from the operating system; and

the cache manager communicating the modified cached file to the database.

164.   The Accused Product practices each limitation of claim 1 of the '152 patent.

165.   As recited in the preamble (to the extent limiting), Hyland's ShareBase Desktop provides "*[a] method for synchronizing a file in a cache comprising.*" For example, Hyland provides software to perform a method for synchronizing a cached file with a database through ShareBase Desktop. (*See, e.g.*, "Product Overview – ShareBase" available at https://sharebase.onbase.com/en/overview (the ShareBase platform "is an enterprise file-sharing product that provides secure, cloud-based sharing while ensuring your organization retains ownership and control."); "How to Enable Folder and File Syncing in the ShareBase Desktop" at 00:00:04-00:00:10, available at https://www.youtube.com/watch?v=rE8wRbQsC6k (ShareBase Desktop syncs "your ShareBase personal folders and files to your computer."); "How to Edit Files and Folders in Your ShareBase Desktop Sync Folder," available at https://www.youtube.com/watch?v=SFepKCIrO78 ("You may add, view, edit, move, and delete folders and files in your ShareBase sync folder. All changes will be automatically uploaded and saved in ShareBase as a new revision").)

166.   Hyland's ShareBase Desktop provides a method for "*a cache manager at a client computer receiving a database asset from a database at a database server, wherein the client computer is executing an operating system, the cache manager, and a local application, wherein the client computer is coupled to the database server over a network*" as required by claim 1 of the '152 patent. Hyland's ShareBase Desktop

provides a cache manager installed on a client computer for managing a folder storing the user's sync documents or cache storing files:



(*See* "Welcome to ShareBase" at 00:03:00 available at https://www.youtube.com/watch?v=GAlonv37psc.) Hyland's ShareBase Desktop allows a user to "change the folder location of [the user's] sync documents" and the user's ShareBase folders and files will now be synced to the folder location [the user] selected." (See "How to Enable Folder and File Syncing in the ShareBase Desktop" video at 00:00:25-00:00:33, available at https://www.youtube.com/watch?v=rE8wRbQsC6k.)

167. Computers running Hyland's ShareBase Desktop have an operating system (*e.g.*, Windows operating system) and one or more applications. (*See, e.g.*, "Welcome to ShareBase" at 00:02:54-00:02:57, available at https://www.youtube.com/watch?v=GAlonv37psc.) For example, the client computer on which ShareBase Desktop is

installed runs a variety of local applications, such as Word, PowerPoint, Excel, *etc.* as shown in the screenshot below:



(*See* "How to Enable Folder and File Syncing in the ShareBase Desktop" at 00:00:21, available at https://www.youtube.com/watch?v=rE8wRbQsC6k.)

168.   Further, ShareBase Desktop syncs with ShareBase on a server that manages a database. (*See, e.g.*, "Product Overview – ShareBase" available at https://sharebase.onbase.com/en/overview (the ShareBase platform "is an enterprise file-sharing product that provides secure, cloud-based sharing while ensuring your organization retains ownership and control.") "ShareBase Desktop will monitor [the user's] file system and make sure it stays in sync with what exists on the server" as stated in the annotated video screenshot below:

1
2
3
4
5
6
7
8
9
10
11
12



13  (*See* "Welcome to ShareBase" at 00:03:00, available at
14  https://www.youtube.com/watch?v=GAlonv37psc.)

15      169.   Through the operation of Hyland's ShareBase Desktop installed on a client
16  computer with the sync functionality enabled, the user's "ShareBase folders and files
17  will now be synced to the folder location [the user] selected." (*See* "How to Enable
18  Folder and File Syncing in the ShareBase Desktop" at 00:00:25-00:00:33, available at
19  https://www.youtube.com/watch?v=rE8wRbQsC6k.)   ShareBase   Desktop   "will
20  monitor [a user's] file system and make sure that it stays in sync with what exists on the
21  server." (*See* "Welcome to ShareBase" at 00:02:54, available at
22  https://www.youtube.com/watch?v=_GAlonv37psc.)   As   an   "enterprise   file-sharing
23  product that provides secure, cloud-based sharing," Hyland's ShareBase requires that
24  client computers have a network connection device to connect to a network to enable
25  ShareBase's   "cloud-based   sharing"   functionality. (*See* "Product Overview –
26  ShareBase" available at https://sharebase.onbase.com/en/ overview.)

27
28

COMPLAINT FOR PATENT INFRINGEMENT

170.    170.    Once ShareBase Desktop is installed, a user is given the option in the ShareBase interface to edit the document. (*See* "Welcome to ShareBase" at 00:03:20, available at https://www.youtube.com/watch?v=GAlonv37psc ("Once ShareBase Desktop is installed . . . the edit button will be available when viewing a document so that you can edit the document on your computer"); *see also* "How to Edit Documents Using the ShareBase Desktop" at 00:00:16-00:00:20, available at https://www.youtube.com/watch?v=gtluDVx6pY4 (when requesting to edit a document via the ShareBase interface, a user can select "Edit" from the "Action" menu and "[i]f you have not yet installed the ShareBase Desktop, you will be prompted to do so now").) Upon selecting the option to edit a document via the ShareBase interface, the document is opened on the client from a local cache. For example, as outlined above, a document (*e.g.*, "Presentation.pptx") is opened from a location in the local client computer file system. (*See id.* at 00:00:31 (illustrating "Presentation.pptx" is opened at c://Users/srossmiller/AppData/Local/ShareBase/System/editing/000000000003832).)

171.    When editing a document, a user first selects to edit a document (*e.g.*, "Presentation.pptx") via ShareBase using the interface, (*see* "How to Edit Documents Using the ShareBase Desktop" at 00:00:07-00:00:16, available at https://www.youtube.com/watch?v= gtluDVx6pY4) and the document is opened from a location in the local file system, such as, *e.g.*, c://Users/srossmiller/AppData/Local/ShareBase/System/editing/ 000000000003832 as shown in the below annotated screenshot of Hyland's video:

(*See id*. at 00:00:31.) Accordingly, a document—such as the exemplary "Presentation.pptx"—is received by ShareBase Desktop from the ShareBase server database so that it can be opened from the local file system on the client computer.

172.   Hyland's ShareBase Desktop provides a method for "*the cache manager storing the database asset in a cache of the client computer as a cached file*" as required by claim 1 of the '152 patent. For example, ShareBase Desktop uses a local folder to store the user's sync documents as shown in the annotated screenshot below:

1
2
3
4
5
6
7
8
9
10
11
12




13  (*See* "Welcome to ShareBase" at 00:03:00 available at https://www.youtube.com/
14  watch?v=GAlonv37psc.) Hyland's ShareBase Desktop allows a user to "change the
15  folder location of [the user's] sync documents" and the user's ShareBase folders and
16  files will now be synced to the folder location [the user] selected." (*See* "How to Enable
17  Folder and File Syncing in the ShareBase Desktop" video at 00:00:25-00:00:33,
18  available at https://www.youtube.com/watch?v=rE8wRbQsC6k.)

19      173.  When editing a document, a user first selects to edit a document (*e.g.*,
20  "Presentation.pptx") via ShareBase using the interface, (*see* "How to Edit Documents
21  Using   the   ShareBase   Desktop"   at   00:00:07-00:00:16,   available   at
22  https://www.youtube.com/watch?v=
23  gtluDVx6pY4) and the document is opened from a location in the local file system,
24  such   as,   *e.g.*,   c://Users/srossmiller/AppData/Local/ShareBase/System/editing/
25  000000000003832 as shown in the below annotated screenshot of Hyland's video:

26
27
28

COMPLAINT FOR PATENT INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12



13    (*See id*. at 00:00:31.)

14        174.   Hyland's ShareBase Desktop provides a method for "*the cache manager*

15    *prompting the operating system to open the cached file using a local application*

16    *associated with a file type for the cached file*" as required by claim 1 of the '152 patent.

17    For example, once ShareBase Desktop is installed on the client computer, the user has

18    the option to edit a document via ShareBase Desktop. (*See* "Welcome to ShareBase" at

19    00:03:20,    available    at    https://www.youtube.com/watch?v=GAIonv37psc    ("Once

20    ShareBase Desktop is installed . . . the edit button will be available when viewing a

21    document so that you can edit the document on your computer").) Hyland's ShareBase

22    Desktop is required to be installed on a client computer before a document can be edited

23    at the client computer based on the user selecting the "Edit" button from the ShareBase

24    interface. (*See* "How to Edit Documents Using the ShareBase Desktop" at 00:00:16-

25    00:00:20,    available    at    https://www.youtube.com/watch?v=gtluDVx6pY4    (when

26    requesting to edit a document via the ShareBase interface, a user can select "Edit" from

27    the "Action" menu and "[i]f you have not yet installed the ShareBase Desktop, you will

28

be prompted to do so now").) A user can select a document to edit such as the exemplary "Presentation.pptx." The document is opened from a location in the local file system, such as, *e.g.*, c://Users/srossmiller/AppData/Local/ShareBase/System/ editing/000000000003832.

175. "ShareBase Desktop allows [a user] to . . . edit ShareBase documents in a program installed on [the user's] computer." (*See* "Welcome to ShareBase" at 00:02:37-00:02:46, available at https://www.youtube.com/watch?v=GAlonv37psc; *see also, e.g.*, "How to Edit Documents Using the ShareBase Desktop" at 00:00:21-00:00:27, available at https://www.youtube.com/watch?v=gtluDVx6pY4 ("Your document will open in its native editing application. For example, this document has opened in PowerPoint").)



(*See id.* at 00:00:19 (showing the "native editing application" PowerPoint opening on the client computer after a user chooses to edit, *e.g.*, "Presentation.pptx.").) Accordingly, on information and belief, ShareBase provides a method that includes the cache manager prompting an operating system (e.g., Windows) to open the cached file

using a local application (e.g., PowerPoint) associated with a file type (e.g., .pptx) for the cached file.

176.   Hyland's ShareBase Desktop provides a method for "*receiving, at the cache manager, a notification from the operating system indicating that the cached file has been modified*" and "*the cache manager determining that the cached file has been modified based on receiving the notification from the operating system*" as required by claim 1 of the '152 patent. ShareBase Desktop syncs with ShareBase on a server that manages a database. (*See, e.g.*, "Product Overview – ShareBase" available at https://sharebase.onbase.com/en/overview (the ShareBase platform "is an enterprise file-sharing product that provides secure, cloud-based sharing while ensuring your organization retains ownership and control.") "ShareBase Desktop will monitor [the user's] file system and make sure it stays in sync with what exists on the server" as stated in the annotated video screenshot below:



(*See* "Welcome to ShareBase" at 00:03:00, available at https://www.youtube.com/watch?v=GAlonv37psc.)

177.   A user of Hyland's ShareBase Desktop "may add, view, edit, move, and delete folders and files in [the user's] ShareBase sync folder" and "[a]ll changes will be automatically uploaded and saved in ShareBase as a new revision." (*See* "How to Edit Files and Folders in Your ShareBase Desktop Sync Folder, available at https://www.youtube.com/watch?v=SFepKCIrO78.) When a user edits the document— *e.g.*, the exemplary "Presentation.pptx" document—the user can "then save [the user's] changes in the native application and close," and the "document on ShareBase" is "updated to the edited version." (*See* "How to Edit Documents Using the ShareBase Desktop" at 00:00:28-00:00:37, available at https://www.youtube.com/watch?v=gtluDVx6pY4.) Thus, ShareBase determines if the cached file has been modified and, on information and belief, does so based on receiving, at the cache manager, a notification from the operating system indicating the modification.

178.   Hyland's ShareBase Desktop provides a method for "*the cache manager communicating the modified cached file to the database*" as required by claim 1 of the '152 patent. A user of Hyland's ShareBase Desktop "may add, view, edit, move, and delete folders and files in [the user's] ShareBase sync folder" and "[a]ll changes will be automatically uploaded and saved in ShareBase as a new revision." (*See* "How to Edit Files and Folders in Your ShareBase Desktop Sync Folder, available at https://www.youtube.com/watch?v=SFepKCIrO78.) When a user edits the document— *e.g.*, the exemplary "Presentation.pptx" document—the user can "then save [the user's] changes in the native application and close," and the "document on ShareBase" is "updated to the edited version." (*See* "How to Edit Documents Using the ShareBase Desktop" at 00:00:28-00:00:37, available at https://www.youtube.com/watch?v=gtluDVx6pY4.) Thus, ShareBase provides a method in which the cached file, when modified, is communicated to the server database.

179.   Each claim of the '152 patent recites an independent invention. Neither claim 1, described above, nor any other individual claim is representative of all claims in the '152 patent.

180.   Hyland's partners, customers and/or end users of the Accused Product directly infringe at least claim 1 of the '152 patent, at least by using the Accused Product as described in the paragraphs above.

181.   Hyland has had knowledge of the '152 patent since at least the filing and/or service of this Complaint. Hyland's continued infringement is therefore deliberate and willful.

182.   Hyland actively induced and is actively inducing infringement of at least claim 1 of the '152 patent, in violation of 35 U.S.C. § 271(b). Hyland knowingly induces infringement of at least claim 1 of the '152 patent by customers and end users of the Accused Product with specific intent to induce infringement, and/or with willful blindness to the possibility that its acts induce infringement, through activities relating to selling, marketing, advertising, promotion, support, and/or distribution of the Accused Product in the United States.

183.   Hyland encourages, instructs, directs, and/or requires customers and end users, at least through its marketing, promotional, and instructional materials and/or training to use the infringing Accused Product as described in detail in the paragraphs above.

184.   In addition to marketing the Accused Product for use in an infringing manner, on information and belief, Hyland also provides customer service to purchasers of the Accused Product that directs and encourages customers of the Accused Product to use the Accused Product in an infringing manner. Hyland provides training to customers of the Accused Product that directs and encourages customers of the Accused Product to use the Accused Product in an infringing manner.

185.   On information and belief, Hyland has sales and technical support staff that assist Hyland's customers and end users and provide instructions for the use of the Accused Product in an infringing manner in the United States.

186.   Hyland contributes to infringement of the '152 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States the

Accused Product and components thereof, including for example, the ShareBase Desktop and associated software applications. Such components are substantial, material parts of the claimed inventions of the '152 patent and have no substantial non-infringing use.

187.   The ShareBase Desktop and associated software applications supplied by Hyland are especially made and especially adapted for use in infringing the '152 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

188.   Hyland's infringement of the '152 patent is without license or other authorization.

189.   For past infringement, OpenText has suffered damages, including lost profits, as a result of Defendant's infringement of the '152 patent. Defendant is therefore liable to OpenText under 35 U.S.C. § 284 for past damages in an amount that adequately compensates OpenText for Defendant's infringement, but no less than a reasonable royalty.

190.   Hyland's continued infringement of the '152 patent has damaged and will continue to damage Plaintiffs.

191.   Unless and until enjoined by this Court, Hyland will continue to directly infringe as well as induce and/or contribute to infringement of the '152 patent.

192.   Hyland's infringing acts are causing and will continue to cause Plaintiffs at least irreparable harm, for which there is no adequate remedy at law. Under 35 U.S.C. § 283, Plaintiffs are entitled to a permanent injunction against further infringement. In the alternative, OpenText is entitled to damages in lieu of an injunction, in an amount consistent with the facts, for future infringement. Defendant's continued infringement, at least since they had notice of the '152 patent, is knowing and willful. Defendant will be an adjudicated infringer of a valid patent and, thus, Defendant's future infringement will be willful as a matter of law.

193.   This case is exceptional, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and an award of attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### PRAYER FOR RELIEF

WHEREFORE, OpenText respectfully requests the following relief:

a) That this Court adjudge and decree that Defendant has been, and is currently, infringing each of the Patents-in-Suit;

b) That this Court award damages to OpenText to compensate it for Defendant's past infringement of the Patents-in-Suit, through the date of trial in this action;

c) That this Court award pre- and post-judgment interest on such damages to OpenText;

d) That this Court order an accounting of damages incurred by OpenText from six years prior to the date this lawsuit was filed through the entry of a final, non-appealable judgment;

e) That this Court determine that this patent infringement case is exceptional pursuant to 35 U.S.C. §§ 284 and 285 and award OpenText its costs and attorneys' fees incurred in this action;

f) That this Court award increased damages under 35 U.S.C. § 284;

g) That this Court preliminarily and permanently enjoin Defendant from infringing any of the Patents-in-Suit;

h) That this Court order Defendant to:

(i) recall and collect from all persons and entities that have purchased any and all products found to infringe any of the Patents-in-Suit that were made, offered for sale, sold, or otherwise distributed in the United States by Defendant or anyone acting on its behalf;

(ii) destroy or deliver to OpenText all such infringing products;

(iii) revoke all licenses to all such infringing products;

1             (iv) disable all web pages offering or advertising all such infringing

2   products;

3             (v) destroy all other marketing materials relating to all such infringing

4   products;

5             (vi) disable all applications providing access to all such infringing

6   software; and

7             (vii) destroy all infringing software that exists on hosted systems;

8      i) That this Court, if it declines to enjoin Defendant from infringing any of the

9 Patents-in-Suit, award damages for future infringement in lieu of an injunction; and

10      j) That this Court award such other relief as the Court deems just and proper.

11

12 DATED: November 3, 2020         KING & SPALDING LLP

13

14                  By: */s/ Joseph N. Akrotirianakis*

15                       Joseph N. Akrotirianakis

Christopher C. Campbell (*pro hac vice to*

16                       *be filed*)

17                       Britton F. Davis (*pro hac vice* to be filed)

Angela C. Tarasi (*pro hac vice* to be filed)

18                       Mikaela Stone (*pro hac vice* to be filed)

19

20                       *Attorneys for Plaintiffs OPEN TEXT*

*CORPORATION and OPEN TEXT S.A.*

21                       *ULC*

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

OpenText respectfully requests a trial by jury on all issues triable thereby.


DATED: November 3, 2020          KING & SPALDING LLP


                                 By:  */s/ Joseph N. Akrotirianakis*
                                     Joseph N. Akrotirianakis
                                     Christopher C. Campbell (*pro hac vice to
                                     be filed*)
                                     Britton F. Davis (*pro hac vice* to be filed)
                                     Angela C. Tarasi (*pro hac vice* to be filed)
                                     Mikaela Stone (*pro hac vice* to be filed)

                                     *Attorneys for Plaintiffs OPEN TEXT
                                     CORPORATION and OPEN TEXT S.A.
                                     ULC*

COMPLAINT FOR PATENT INFRINGEMENT

WORKAMER\37688287